# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JAMES C. BEVARD** | ) |
| 47105 Bemis Rd | ) |
| Belleville, MI 48111 | ) Case No. |
| | ) |
| Plaintiff, | ) Judge |
| | ) |
| vs. | ) **COMPLAINT FOR PERSONAL** |
| | ) **INJURY WITH JURY DEMAND** |
| **PAUL PILIPONIS** | ) **ENDORSED HEREON** |
| 1014 W Prospect St | ) |
| Kewanee, IL 61443 | ) Charles M. Murray (OSC#0052083) |
| | ) cmm@murrayandmurray.com |
| and | ) Joseph A. Galea (OSC# 0089550) |
| | ) jag@murrayandmurray.com |
| **SCHUSTER CO.**, | ) MURRAY & MURRAY CO, LPA |
| 2605 Lincoln Ave | ) 111 East Shoreline Dr |
| LeMars, IA 51031 | ) Sandusky, OH 44870 |
| | ) |
| Defendants. | ) |
| | ) |

## INTRODUCTION

(1) On June 19, 2018, James Bevard was injured when Paul Piliponis, a professional driver in the scope of his employment with the Schuster Co., failed to check his surroundings before backing a 2016 International Harvester Tractor and Great Dane Trailer, weighing in excess of 26,001lbs. As they were exiting westbound Ohio Turnpike at the intersection with Route 4 in Erie County, Ohio, a motor vehicular collision occurred involving a passenger car, specifically a 2008 grey Chevrolet Impala, and the 2016 International Harvester commercial tractor and Great Dane trailer. This is a diversity action for personal injuries sustained in the

collision. The plaintiff is a resident of Michigan, and Defendants reside in the states of Illinois and Iowa.

## PARTIES

(2) Plaintiff, James Bevard, is an individual residing in Belleville, Michigan. At all relevant times, James Bevard is and was a citizen of the State of Michigan.

(3) Defendant, Paul Piliponis, is a professional commercial truck driver, and is an individual residing in Kewanee, Illinois. At all relevant times, Paul Piliponis was and remains a citizen of the State of Illinois. Defendant Piliponis was operating under a commercial driver's license, and obligated to observe the federal regulations concerning commercial vehicles and the Ohio traffic laws.

(4) Defendant, Schuster Co., is the owner of the 2016 International Harvester tractor operated by Paul Piliponis at the time of the accident which is the subject of this litigation. Defendant, Schuster Co., at the place and time, was operating under the authority of the U.S. Department of Transportation, the federal regulations concerning commercial vehicles and the Ohio traffic laws.

## JURISDICTION AND VENUE

(5) Jurisdiction is proper in the United States District Court for the Northern District of Ohio, Western Division, pursuant to 28 U.S.C. §1332. Plaintiff is a citizen of a different state, Michigan, than each of the named defendants, who are residents of Illinois and Iowa. Moreover, as set forth in this Complaint, plaintiff seeks relief in an amount in excess of Seventy-Five Thousand Dollars ($75,000).

(6) Venue is proper in this court pursuant to 28 U.S.C. §1391(b)(1)(2) as the

accident/collision occurred in this judicial district. The events and/or omissions giving rise to plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

(7) At approximately noon on June 19, 2018, defendant, Paul Piliponis, was operating a 2016 International Harvester commercial vehicle in the course and scope of his duties on behalf of Schuster Co. and was exiting the westbound Ohio Turnpike at the intersection with State Route 4 in Groton Township, Erie County, Ohio. The tractor was owned by defendant, Schuster Co., and was hauling a Great Dane trailer.

(8) Plaintiff, James Bevard, was operating a private passenger vehicle which was traveling in the same direction, westbound on the Ohio Turnpike, which vehicle was also occupied by his companion, Mateo Duff, as a passenger. The vehicle operated by James Bevard was traveling in the right hand lane and was stopped as traffic lined up at the toll booths.

(9) The commercial vehicle operated by defendant professional commercial driver Piliponis, was also traveling in the right hand lane and was stopped as traffic lined up at the toll booths. Piliponis, thinking that the toll booth was operating too slowly, attempted to back up in traffic and struck the vehicle driven by James Bevard. The trailer truck struck the Bevard vehicle in the front of the Impala in James Bevard's lane of travel.

(10) As a professional commercial driver, Piliponis was trained in the safe operation of commercial tractor trailers.

(11) A commercial driver must operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated.

3

(12) However, if a regulation of the Federal Motor Carrier Safety Administration imposed a higher standard of care than that law, ordinance of regulation, the Federal Motor Carrier Safety Administration regulation must be complied with.

(13) All Commercial Motor Vehicle operators must have knowledge of the procedures and rules for various backing maneuvers, including backing principals and rules, and basic backing maneuvers.

(14) All Commercial Motor Vehicle operators must have knowledge of the importance of proper visual search, and proper search methods, including use of mirrors and seeing to the rear.

(15) As a direct result of this impact, the Bevard vehicle was struck and James Bevard attempted to get the attention of the International Harvester operated by Piliponis to stop. Pililponis did not stop the International Harvester, and traveled through the toll gate and continued southbound on Route 4.

(16) The Bevard vehicle continued to follow the International Harvester once Bevard was able to pass through the toll gate, and travelled 2 miles south on Route 4 before being able to convince Piliponis to stop and make out a crash report.

(17) Defendant, Piliponis, made an improper backing maneuver and failed to conduct a proper search before backing. Said conduct violated the duty to exercise reasonable care including, but not limited to, R.C. §4511.33, R.C §4511.38, and R.C. §4511.39. Defendant, Paul Piliponis', wrongful conduct was negligence under Ohio law.

(18) Defendant, Schuster Co., is vicariously liable for the wrongful conduct of its employee or agent, Paul Piliponis. Defendant, Schuster Co., is also vicariously liable for the

conduct of Paul Piliponis as a result of Schuster Co.'s U.S. Department of Transportation number being displayed on the commercial vehicle operated by Paul Piliponis.

(19) As a direct and proximate result of the crash, James Bevard suffered right upper extremity numbness, pain and weakness caused by cervical radiculopathy following the motor vehicle collision, and has treated at the Michigan Institute for Neurological Disorders (MIND). Medical bills were incurred for the treatment of these injuries, and pain and limitation are continuing. Further economic losses were incurred.

## CAUSES OF ACTION

(20) Defendant, Paul Piliponis, a professional commercial driver, was negligent in the following respects:

   (a) failing to keep a proper lookout for vehicles traveling in the right hand lane at the exit of the Ohio Turnpike;

   (b) improperly backing his vehicle in an attempt to change lanes while exiting from the right hand lane, which was also occupied by a motor vehicle occupied by the plaintiff;

   (c) failing to properly manage the space surrounding his commercial vehicle; and

   (d) such further acts of negligence as may be discovered in the course of this litigation.

(21) Defendant, Schuster Co., as the employer and/or principal of his employee or agent, Paul Piliponis, is vicariously liable for all the wrongful acts of its employee or agent, Paul Piliponis.

(22) As a direct and proximate result of the wrongful conduct of these defendants, plaintiff, James Bevard, suffered serious personal injury including, but not limited to, right upper extremity numbness, pain and weakness caused by cervical radiculopathy, a neurological injury. As a direct and proximate result of the wrongful conduct of these defendants, James Bevard has

suffered damages including, but not necessarily limited to, pain and suffering, medical expenses, mental anguish, and loss of the ability to engage in some of his regular activities from which he derived pleasure. This plaintiff further states that some of these injuries and damages may be permanent in nature.

WHEREFORE, plaintiff, James Bevard, requests judgment against these defendants in a sum in excess of Seventy-Five Thousand Dollars ($75,000), the cost of this action and such further relief as the court deems fair and equitable.

Respectfully submitted,

*/s/Charles M. Murray*
Charles M. Murray  (0052083)
cmm@murrayandmurray.com
Joseph A. Galea (0089550)
jag@murrayandmurray.com
MURRAY & MURRAY CO., L.P.A.
111 East Shoreline Drive
Sandusky, Ohio  44870
Telephone:  (419) 624-3127
Facsimile: (419) 624-0707

Attorney for Plaintiff James Bevard

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

*/s/Charles M. Murray*
Charles M. Murray  (0052083)
MURRAY & MURRAY CO., L.P.A.
Attorney for Plaintiff James Bevard

6